## MATTER OF RODRIGUEZ

### In Section 245 Proceedings

### A-12389347

*Decided by Regional Commissioner October 17, 1966*

A native and citizen of Spain and permanent resident of Cuba who, following admission to the United States as a nonimmigrant visitor in 1960, was granted indefinite voluntary departure; who, because of her political beliefs and unwillingness to live under the Communist regime of Cuba, left that country and does not wish to return there; and who has been continuously physically present in the United States for more than two years prior to her application for adjustment of status, is accorded refugee classification under the proviso to section 203(a)(7), Immigration and Nationality Act, as amended, and, being otherwise eligible, her application for adjustment of status to that of a permanent resident pursuant to section 245 of the Act, is granted.

This matter is before the Regional Commissioner on certification by the District Director at New York who denied the application for adjustment of status under section 245 of the Immigration and Nationality Act, as amended. It was found that the alien is ineligible for classification as a refugee under the proviso to section 203 (a)(7) of the Act and that an immigrant visa is not immediately available to her under the nonpreference portion of the quota for Spain to which she is otherwise chargeable.

The applicant is an unmarried Spanish citizen, born July 28, 1934 at Tinco, Oveido, Spain. She left Spain for Cuba on December 6, 1953 and, on April 19, 1955, was granted permanent residence in the latter country. She was admitted to the United States at Miami, Florida on December 4, 1960 as a nonimmigrant visitor for pleasure until March 4, 1961 and subsequently received extensions of her temporary stay until August 1, 1962. She was granted indefinite voluntary departure on June 7, 1962 when she appeared at the New York office of this Service to request political asylum based on her residence in Cuba since 1953 and fear of returning to that country.

On August 2, 1966, in conjunction with her application for status as permanent resident filed on June 29, 1966, the alien applied for

classification as a refugee under the proviso to section 203(a)(7) of the Immigration and Nationality Act. She stated that she left Cuba because she did not want to live under the Communist regime and, inasmuch as the same government was in power, she does not wish to return there. Her request for refugee status was disapproved on August 4, 1966 when it was determined that the applicant is single; that her parents, who are natives and citizens of Spain, currently reside in that country; that there is no evidence the alien cannot resume her residence in Spain, the country of her birth and citizenship.

Section 203(a)(7) of the Immigration and Nationality Act provides, in part, as follows:

> Conditional entries shall next be made available by the Attorney General, pursuant to such regulations as he may prescribe and in a number not to exceed 6 per centum of the number specified in section 201(a)(ii), to aliens who satisfy an Immigration and Naturalization Service officer at an examination in any non-Communist or non-Communist dominated country, (A) that (i) because of persecution or fear of persecution on account of race, religion or political opinion they have fled (I) from any Communist or Communist-dominated country or area, or (II) from any country within the general area of the Middle East, and (ii) are unable or unwilling to return to such country or area on account of race, religion, or political opinion, and (iii) are not nationals of the countries or the areas in which their application for conditional entry is made . . . . *Provided*, That immigrant visas in a number not exceeding one-half the number specified in this paragraph may be made available, in lieu of conditional entries of a like number, to such aliens who have been continuously physically present in the United States for a period of at least two years prior to application for adjustment of status.

In the matter at hand, we find that the District Director has imposed a condition precedent to the grant of refugee classification which is neither provided for nor contemplated by the statute. The ability of the applicant to return to the country of her birth and/or nationality, or to some other foreign country, is of no consequence provided, of course, the alien fits the statutory description of refugee set forth in section 203(a)(7), *supra*. It was the intent of Congress to resettle such person in the United States in accordance with immigration policy since the close of World War II (House Committee on the Judiciary, Report No. 745, dated August 6, 1965, and Senate Committee on the Judiciary, Report No. 748, dated September 15, 1965).

The record substantiates that the applicant herein has fled from Cuba, a Communist nation, and is unwilling to return there because of her political beliefs. It is noted in this connection that she was granted indefinite voluntary departure by this Service upon her request for political asylum. She has been physically present in the

United States continuously since December 4, 1960 and satisfies the prerequisites for classification as a refugee under section 203(a)(7) of the Act. We further find that her eligibility for the benefits of section 245 has been established. Accordingly, the following order will be entered.

*It is ordered* that the applications for classification as a refugee under the proviso to section 203(a)(7) of the Immigration and Nationality Act, as amended, and for adjustment of status to permanent resident under section 245 of the Immigration and Nationality Act, be and the same are hereby granted.